IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 5:14cv362-JLH |
| v. ) | COMPLAINT |
| H2H ENTERPRISES d/b/a HUDDLE HOUSE, INC. #670, ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 30 2014
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

This case assigned to District Judge _____
and to Magistrate Judge _____

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Angela Whitfield who was adversely affected by such practices. As alleged with greater particularity below, the Commission alleges that Defendant H2H Enterprises, Inc., d/b/a/ Huddle House, Inc. #670, subjected Ms. Angela Whitfield to a hostile work environment based on race, black.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 210 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Pine Bluff Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, H2H Enterprises, Inc., d/b/a/ Huddle House, Inc. #670 (the "Employer"), has continuously been an Arkansas corporation doing business in the State of Arkansas and the City of Pine Bluff, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Angela Whitfield filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. The Commission found reasonable cause to believe the charge was true and endeavored to eliminate the discriminatory practice(s) through informal methods of conference, conciliation, and persuasion, but was unable to secure a conciliation agreement acceptable to the Commission.

8. All conditions precedent to the initiation of this lawsuit have been fulfilled.

9. Since at least February 2012, Defendant Employer has engaged in unlawful employment practices at its Pine Bluff, Arkansas restaurant, in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

10. The unlawful employment practices involved subjecting Ms. Whitfield to a hostile work environment because of her race.

    a. Ms. Whitfield worked for Defendant as a Server and Shift Leader from January 29, 2012 to April 2013, at its Pine Bluff restaurant. The employees at the restaurant were all black, except for one employee.

    b. Throughout her employment, Defendant's Sr. Vice President of Operations Tyler Brown and Region Manager Jason Beard subjected Ms. Whitfield to offensive and unwelcome racially derogatory name-calling. Examples of the racially derogatory names include "hood," "hood rat," "ghetto," and "Huddle Hoes."

    c. When Brown and Beard visited the restaurant, they would regularly use these terms.

    d. Other employees heard Brown call employees "nigger," "ghetto whore," and "black mother fucker."

    e. Beard asked the employees, including Whitfield, not to act as if they were "in the hood."

    f. Beard called the employees "hoes" and "skanks."

    g. Beard heard Brown call employees "nigger" in the workplace.

    h. The general manager heard Brown use racial slurs.

    i. Sometime during the Summer of 2012, Whitfield complained about the racially derogatory name-calling.

    j. Defendant failed to take proper remedial action to protect Whitfield from racial harassment.

    k. The unwelcome racial harassment was sufficiently severe or pervasive to alter the terms and conditions of Whitfield's employment and to create an abusive working environment.

11. The effect of the practice(s) complained of in paragraph 10 above has been to deprive Angela Whitfield of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

12. The unlawful employment practices complained of in paragraph 10 above were intentional.

13. The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of Angela Whitfield.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices that create a hostile work environment.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Angela Whitfield, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, in amounts to be determined at trial.

D.    Order Defendant Employer to make whole Angela Whitfield by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of in paragraph 10 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

   E. Order Defendant Employer to pay Angela Whitfield punitive damages for its malicious and reckless conduct described in paragraph 10 above, in amounts to be determined at trial.

   F. Grant such further relief as the Court deems necessary and proper in the public interest.

   G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        _____
        FAYE A. WILLIAMS
        Regional Attorney
        TN Bar No. 11730

        _____
        MARKEISHA K. SAVAGE
        Trial Attorney
        AR Bar. No. 2011288

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        1407 Union Ave., Suite 900
        Memphis, TN 38104
        (901) 544-0133
        markeisha.savage@eeoc.gov