IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>)     CIVIL ACTION NO.<br>v. )     5:14-CV-00362-JLH<br>)<br>H2H ENTERPRISES, INC., d/b/a )     Judge J. Leon Holmes<br>HUDDLE HOUSE #670, )<br>)<br>Defendant. ) | |

## CONSENT DECREE

### INTRODUCTION

The Equal Employment Opportunity Commission (hereinafter "the Commission") instituted this civil action against Defendant, H2H Enterprises, Inc. d/b/a Huddle House #670 (hereinafter "Defendant") to remedy alleged unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, et seq., (hereinafter "Title VII") and Title I of the Civil Rights Act of 1991. The Commission alleges Defendant subjected a former employee to a hostile work environment based on her race, black. Defendant denies the allegations in the Complaint.

This Consent Decree (hereinafter "this Decree") does not constitute a finding on the merits of the case and does not constitute an admission by H2H Enterprises, Inc. of the allegations in the Complaint. The Commission and Defendant have consented to entry of this decree to avoid the additional expense and other burdens that continued litigation of this case would involve.

This Decree represents the complete and only agreement between the Commission and Defendant.

The parties enter into this Agreement to avoid the cost of litigation.

The terms of this Decree are adequate, fair, reasonable, equitable, and just.

The rights of the Claimant and the public interest are adequately protected by this Decree.

The Court has reviewed the terms of this Decree in light of the applicable laws and regulations, the representations of counsel for the parties, and hereby approves this Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

### I. JURISDICTION

1. The parties stipulate that the United States Court for the Eastern District of Arkansas, Pine Bluff Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

2. Neither the Commission nor Defendant shall contest jurisdiction of this federal court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

### II. SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint filed in Civil Action No. 5:14-cv-00362, alleging unlawful

employment practices by Defendant based on Charge No. 493-2013-00478. This Decree only covers Charge No. 493-2013-00478.

4. Once the Court enters this Decree, the terms of this Decree become effective immediately. The Decree shall bind the parties to this lawsuit for two years after the effective date of this Decree.

### III. INJUNCTIVE RELIEF PROVISION

5. Defendant, its officers, agents, directors, managers, supervisors, and all persons in active concert with it are enjoined from subjecting any employee to a racially hostile work environment, including but not limited to the use of racial slurs in the workplace.

6. Defendant, its officers, agents, directors, managers, supervisors, and all persons in active concert with it are enjoined from retaliating against any employee who reports allegations of racial harassment.

### IV. TRAINING

7. Defendant will provide a training program on racial harassment and retaliation under Title VII to all employees working at Huddle House #670 within 90 days after the date of the entry of this Decree.

   a. Defendant will send one of its principal owners to appear at this training.

   b. Defendant's principal owner shall advise employees, directors, supervisors and managers of the company's non-discrimination/non-harassment policy regarding race and retaliation.

3

c. Defendant's principal owner will also advise employees, directors, supervisors, and managers of Defendant's obligation to investigate complaints of harassment, including but not limited to the use of racial slurs.

d. Defendant's principal owner shall also advise employees, directors, supervisors, and managers that Defendant has zero tolerance for racial harassment.

e. Defendant may record the training program for use at subsequent trainings required under this decree, as long as a member of senior management or ownership is available by telephone to answer any questions related to the training.

f. Defendant will provide subsequent training to all new employees hired during the two year duration of this decree.

8. Defendant will advise staff in writing that Defendant requires all employees to receive the training. The training will last at least two hours.

9. Defendant shall utilize the Commission's EEOC Compliance Manual, Section 15: Race and Color Discrimination, as a model for the training. The training will include:

a. The definition of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991;

b. A discussion of racial harassment, including what constitutes racial harassment (e.g. inappropriate remarks, slurs, jokes, etc.);

c. A discussion of how to prevent, identify, and remedy racial harassment;

d. A discussion of what constitutes retaliation under Title VII;

e. A discussion of how to prevent, identify, and remedy retaliation; and

f.  A discussion of Defendant's policy against racial harassment and retaliation, including the proper handling and investigation of racial harassment and retaliation.

10.  Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has experience in labor and employment law to provide the training and to fulfill the training requirement in Paragraphs 7 and 9 above.

11.  Within 120 days of entry of this Consent Decree by the Court, Defendant shall provide the Commission with copies of training materials and related documentation showing that Defendant has satisfied all training requirements as set forth above. The aforementioned documentation shall include the name and position of the person conducting the training; the names and positions of individuals attending the training; and a signed roster to verify attendance.

### V.  POLICY PROHIBITING HARRASMENT AND DISCRIMINATION and FAIR TREATMENT POLICY

12.  Within ten days after the racial harassment training, Defendant will require each director, manager and supervisor at Huddle House #670 to read and sign a copy of Defendant's Professional Conduct Policy and Prohibition Against Harassment and Discrimination Policy and its Fair Treatment Policy prohibiting racial harassment. Defendant will give each manager and supervisor a copy of the policies.

13.  When signing the policies referenced in Paragraph 12, each director, manager and supervisor will also:

a.  sign a statement affirming that he/she received the training;

5

b.  indicate he/she understands that racial harassment and retaliation are unlawful;

c.  indicate that he/she understands his/her responsibility to immediately report all behavior that violates the aforementioned policies, including all complaints of harassment; and

d.  indicate he/she understands that failure to follow company policy may subject the company to liability and result in his/her discharge.

14.  Defendant shall keep a copy of the signed documents referenced in Paragraph 13 in each employee's personnel file.

## VI.   REPORTING

15.  Defendant will provide three reports to the Commission during the duration of the Decree as follows:

a.  The first report shall include all of the requirements discussed in Paragraphs 7-13 as well as reports of racial harassment since the date that the Decree is entered by the Court.

b.  Defendant will submit the first report within 120 days of entry of the Decree.

c.  The second and third reports will describe all subsequent training (including copies of relevant documents), and reports of racial harassment since the last report.

d.  Defendant will submit the second report within 12 months of entry of the Decree.

e.  Defendant will submit the third report within 22 months of entry of the decree.

f. Each report will also describe any investigation conducted by Defendant in response to each complaint, and indicate how Defendant resolved the reported complaint.

16.  Each report will also include a certification by Defendant that the notice required to be posted pursuant to Section VII of this Decree has remained posted during the time period specified in Paragraph one (1) of the Notice. Defendant will forward each report to Markeisha Savage, EEOC Trial Attorney, at the address listed on the signature page of the Decree.

## VII.  NOTICE POSTINGS

17.  Within ten (ten) days of entry of this Consent Decree by the Court, Defendant shall post and cause to remain posted for a period of 2 years at Huddle House #670 the notice attached hereto as Exhibit A. The notice shall be in the same typeface and size as Exhibit A and shall be on company letterhead.

18.  Defendant must also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

## VIII.  INDIVIDUAL RELIEF

19.  Defendant will pay a total of $15,000 to the former employee in full and final settlement of the claims under the Commission's Complaint.

20.  This settlement of $15,000 is designated as non-pecuniary compensatory damages.

21. Defendant will issue an IRS Form 1099 to the former employee and shall designate that the amount was issued as damages.

22. Within ten (10) business days of the entry of this Decree by the Court, Defendant shall deliver the check via certified mail or hand delivery to the former employee at the address provided by the Commission. Concurrently, Defendant shall mail a copy of the check and related correspondence to Makeisha Savage, EEOC Trial Attorney, at the address listed on the signature page of the Decree.

23. To the extent permitted by law, late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

### IX. MONITORING

24. The Commission shall have the right to monitor and review compliance with this Decree. Defendant shall cooperate with the Commission in any review function as it relates to this Decree. Specifically, the Commission shall have the right to:

a. attend training sessions required by this Decree;

b. review any and all documents that this Decree requires Defendant to create or maintain;

c. interview employees and management related to the requirements of this Decree; and

d. inspect Defendant's premises upon five days prior notice to Defendant.

### X. EXPUNGEMENT

25. The Defendant shall expunge from the personnel files of the former employee any reference to the charge of discrimination and this litigation.

## XI.   NEUTRAL REFERENCE

26.   Defendant agrees to give a neutral reference to any potential employers who request a job reference for the former employee. Any such neutral reference shall be identical to the form demonstrated in Exhibit B. Defendant shall not mention the EEOC charge of discrimination or this action as part of the neutral reference.

## XII.   NOTIFICATION OF SUCCESSORS

27.   During the period in which this Decree is effective, Defendant will provide to any potential purchaser of Defendant's business or a purchaser of all or a substantial portion of Defendant's assets, and to any other potential successor, prior written notice of the existence of the Commission's Complaint, this Decree, and the contents and obligations of the settlement.

## XIII.   ENFORCEMENT

28.   If Defendant fails to comply with the terms of this Decree, the Commission has a right during the term of this Decree to enforce the obligations under the Decree. The Commission will provide at least thirty (30) days notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XIV.   COSTS

29.   Each party shall bear that party's own costs, attorneys' fees, and expenses.

### XV.  MISCELLANEOUS

30. This Decree does not place any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

31. If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

32. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, Defendant will mail the reports to Markeisha Savage, EEOC Trial Attorney, at the address listed on the signature page of the Decree.

IT IS SO ORDERED THIS __20th__ DAY OF __May__, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

Approved by the parties:

| FOR THE COMMISSION: | FOR DEFENDANT: |
|---|---|
| P. DAVID LOPEZ<br>General Counsel | *[signature]*<br>**THOMAS S. STREETMAN**<br>AR Bar No. 61030<br>STREETMAN, MEEKS & GIBSON, PLLC<br>P.O. Drawer A<br>Crossett, AR 71635<br>Telephone: (870) 364-2213<br>tstreetman@smmattorneys.com |
| **GWENDOLYN YOUNG REAMS**<br>Associate General Counsel<br><br>*[signature]*<br>**FAYE A. WILLIAMS**<br>Regional Attorney<br>TN Bar No. 11730<br><br>*[signature]*<br>**GERALD THORNTON**<br>Supervisory Trial Attorney<br>TN Bar No. 15898<br><br>*[signature]*<br>**MARKEISHA K. SAVAGE**<br>AR Bar No. 2011288<br>Equal Employment Opportunity Comm.<br>1407 Union Avenue, Suite 900<br>Memphis, TN 38104<br>Telephone: 901.544.0133<br>markeisha.savage@eeoc.gov | |

## EXHIBIT A
## NOTICE TO ALL EMPLOYEES OF H2H ENTERPRISES, INC.

1. This Notice is posted to all employees pursuant to a Consent Decree entered into between H2H Enterprises, Inc., (Defendant) and the Equal Employment Opportunity Commission (EEOC) as part of the settlement of a lawsuit, Civil Action No. 5:14-cv-00362, filed in the United States District Court of the Eastern District of Arkansas, Pine Bluff Division.

2. Pursuant to the Consent Decree, Defendant must conduct training on the prevention of harassment, discrimination and retaliation in the workplace.

3. Discrimination/harassment is a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. Federal law requires an employer to maintain a workplace free from discrimination/harassment based on race, sex (gender), religion, color, national origin, age (40 or older), genetics or disability with respect to terms and conditions of employment.

4. Defendant will not tolerate or condone discrimination/harassment or retaliation against any employee or applicant for employment. Discrimination, which includes racial harassment, is a violation of company policy as well as federal law. Violation of these company policies by anyone employed by Defendant will result in disciplinary action up to and including termination.

5. You have the right to file a charge of discrimination with the EEOC if you believe you are being harassed, discriminated or retaliated against in the workplace. The EEOC charges no fees and has employees and interpreters who speak languages other than English. If you believe you have been harassed, discriminated or retaliated against in violation of federal law, you have the right to seek assistance from:

   Equal Employment Opportunity Commission
   820 Louisiana, Suite 200
   Little Rock, Arkansas 72201
   Telephone:   (501) 324-5061
   Website:     www.eeoc.gov
   TTY:         1-800-669-6820

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**

This Notice must remain posted for four years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____
M. Douglas Webb
Principal Owner

EXHIBIT B

LETTER OF REFERENCE

To Whom It May Concern:

This letter is in response to any inquiry regarding the employment of [insert name of employee] while employed at H2H Enterprises, Inc.

[Insert name of employee] held the position of [insert position title] at H2H Enterprises, Inc. from [insert hire date] until [insert date]. During her employment, [Insert name of employee] received a favorable appraisal. I hope this information is helpful and that it satisfactorily responds to your inquiry.

Sincerely,


H2H Enterprises, Inc.